**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

VANESSA MENO AGUERO,
RHONDA JEANILLE MENO AGUERO
(aka RHONDA JAMES) and
JESSE OGO AGUERO,

Defendants.

) CRIMINAL CASE NO. CF263-12
)
)
)
)
)
) DECISION AND ORDER
) (Defendants' Motion to Dismiss
) Indictment)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 10, 2012, for a hearing on Vanessa Meno Aguero's, Rhonda Jeanille Meno Aguero's, and Jesse Ogo Aguero's ("Defendants") Motion to Dismiss Indictment. Attorney Anthony R. Camacho appeared on behalf of Defendant Rhonda Jeanille Meno Aguero. Attorney John C. Terlaje appeared on behalf of Defendant Vanessa Meno Aguero. Attorney F. Randall Cunliffe appeared on behalf of Defendant Jesse Ogo Aguero. Assistant Attorney General Nelson J. Werner appeared on behalf of the People of Guam ("the People"). After the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments, and legal authorities presented by the attorneys, the Court hereby issues this Decision and Order.

///

///

People of Guam v. Vanessa Aguero, Rhonda Aguero, and Jesse Aguero (CF0263-12)
Page 1 of 6
Decision and Order – Motion to Dismiss Indictment

# BACKGROUND

A Magistrate's Complaint was filed on April 23, 2012, charging Defendant Vanessa Meno Aguero with 2 Counts of Child Abuse (As a 3rd Degree Felony). Defendant Rhonda Jeanille Meno Aguero was charged with Child Abuse (As a 3rd Degree Felony) and Defendant Jesse Ogo Aguero was charged with 2 Counts of Child Abuse (As a 3rd Degree Felony). Magistrate's Complaint (Apr. 23, 2012). On May 2, 2012, Defendants were indicted. The Indictment charges Defendant Vanessa Meno Aguero with 2 Counts of Child Abuse (As a 3rd Degree Felony). Defendant Rhonda Jeanille Meno Aguero was charged with Child Abuse (As a 3rd Degree Felony) and Defendant Jesse Ogo Aguero was charged with 2 Counts of Child Abuse (As a 3rd Degree Felony). Indictment (May 2, 2012).

# DISCUSSION

Defendants move the Court to dismiss the indictment on the basis of duplicity and nonconformance to law. Def. Jesse Aguero's Mem. of Law in Support of Mot. Dismiss Indictment (Jun 7, 2012). With respect to Defendant Jesse Aguero, he argues that "the Government has charged so [many] different crimes in each Count." Id. at 2. Defendant Rhonda Aguero argues that "[a]lthough the indictment tracks the language of the statute and it also compiles into one charge multiple means of culpability, it does not afford sufficient detail so as to give Defendant Rhonda Aguero the opportunity to defend the allegations against her." Def. Rhonda Aguero's Mot. Dismiss Indictment at 6-7 (Jul. 5, 2012). Defendant Vanessa Aguero joins in co-defendant's Motion to Dismiss Indictment submitted by co-defendant Jesse Ogo Aguero. See Joinder by Def. Vanessa Meno Aguero to Co-Def's Mot. Dismiss Indictment (Jun. 13, 2012).

People of Guam v. Vanessa Aguero, Rhonda Aguero, and Jesse Aguero (CF0263-12)
Page 2 of 6
Decision and Order – Motion to Dismiss Indictment

The People oppose Defendants' Motion for Dismissal of the Indictment. The People argue that "[t]he elements charged in the indictment coupled with testimony presented to the Grand Jury provide sufficient detail of the charged crimes, the incident dates, and the victim involved. People's Opposition to Defense Mot. for Dismissal of the Indictment at 3 (Jul. 9, 2012). The People also contend that dismissal of an indictment is considered a drastic step and is generally disfavored as a remedy. Id. at 2 (citing People v. Muna, 999 F.2d 397, 399 (9th Cir. 1993)(citing United

Generally, failure to object to an indictment prior to trial results in waiver. *People v. Diaz*, 2007 Guam 3 ¶ 23. *See* also 8 GCA § 65.15 (2005). The Court finds that Defendants' motion filing in the instant case is timely.

Guam law sets forth standards for indicting as follows:

(a) An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a felony *or* a felony and a related misdemeanor.
(b) The grand jury *shall* find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it.
(c) *Special Fictitious Name Indictment* means an indictment of a person whose name is unknown but whose identity is established to the satisfaction of a grand jury by means of forensic Deoxyribonucleic Acid (DNA) testing of evidence. The caption of a special fictitious name indictment shall include a fictitious name, such as "John Doe" *or* "Jane Doe", in place of the name of the defendant whose true name is unknown.

8 GCA § 50.54 (2005).

With respect to the form of an indictment or information, local statute requires:

(a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which

People of Guam v. Vanessa Aguero, Rhonda Aguero, and Jesse Aguero (CF0263-12)
Page 3 of 6
Decision and Order – Motion to Dismiss Indictment

the defendant committed the offense are unknown or that he committed it by one or more specified means.

(b) The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

8 GCA § 55.10 (2005).

The indictment in the case at bar charges the Defendants as follows:

### FIRST CHARGE Count One

On or about the 21st day of April 2012, in Guam, **VANESSA MENO AGUERO,** did commit the offense of **Child Abuse** when while having a child in her care or custody or under her control, that is, **A.M.A. (DOB: 06-18-1995),** she unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA § 31.30(a)(2)(C) and (b).

### Count Two

On or about the 21st day of April 2012, in Guam, **VANESSA MENO AGUERO,** did commit the offense of **Child Abuse** when while having a child in her care or custody or under her control, that is, **V.C.A. (DOB: 08-12-2011),** she unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA §§ 31.30(a)(2)(C) and(b).

### SECOND CHARGE

On or about the 21st day of April 2012, in Guam, **RHONDA JEANILLE MENO AGUERO (aka RHONDA JAMES),** did commit the offense of **Child Abuse** when while having a child in her care or custody or under her control, that is, **K.K.A.J. (DOB: 1-10-10),** she unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA §§ 31.30(a)(2)(C) and (b).

### THIRD CHARGE Count One

On or about the 21st day of April 2012, in Guam, **JESSE AGUERO,** did commit the offense of **Child Abuse** when while having a child in his care or custody or under his control, that is, **A.M.A. (DOB: 06-18-1995),** he unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result death or serious bodily injury in violation of 9 GCA §§31.30(a)(2)(C) and (b).

People of Guam v. Vanessa Aguero, Rhonda Aguero, and Jesse Aguero (CF0263-12)
Page 4 of 6
Decision and Order – Motion to Dismiss Indictment

**Count Two**

On or about the 21st day of April 2012, in Guam, **JESSE AGUERO** did commit the offense of **Child Abuse** when while having a child in his care or custody or under his control, that is, **V.C.A. (DOB: 08-12-2011)**, he unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA §§31.30 (a)(2)(C) and (b).

Indictment: CF263-12 (May 2, 2012).

"It is a cardinal principal of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense." People v. Jones, 2006 Guam 13 ¶ 12 (citing Portnoy v. United States, 316 F.2d 486, 488 (1st Cir. 1963). It is also well established that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. (citing U.S. v. Givens, 767 F.2d 574, 584 (9th Cir. 1985). Guam law is in accordance with this view, holding an indictment to be sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution of the same offense. Id.

In review of the Indictment, the Court notes that the statutory provision in Guam law is tracked in the manner Defendants are charged for Child Abuse. "The essential facts of an offense are the elements of the crime. See, e.g., *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113 (1953). Moreover, the exact wording in a criminal statute can be used in an indictment in order to satisfy the essential facts requirement. *Id.* The Debrow Court also opined that "[i]t is inconceivable to us how the defendants could possibly be misled as to the offense with which they stood charged. The sufficiency of the indictment [was] not a question

People of Guam v. Vanessa Aguero, Rhonda Aguero, and Jesse Aguero (CF0263-12)
Page 5 of 6
Decision and Order – Motion to Dismiss Indictment

of whether it could have been more definite and certain [in that case]. *Id.* With the case at bar, the Three charges against Defendants are all based on 9 GCA § 31.30 (a)(2)(C) and (b). Consequently, as long as the elements of that statutory provision are stated in the Indictment, the essential facts standard in 8 GCA §55.10 is satisfied. Accordingly, the Court does not find duplicity in the charging document and the Indictment is sufficient. The criminal acts set forth in the Indictment allege specific criminality and do not prejudice the defense.

Even assuming arguendo that the Indictment is duplicitous, the Court notes that rules about duplicity are pleading rules, the violation of which is not fatal to an indictment. *United States v. Robinson*, 651 F.2d 1188 (6th Cir. 1981). A duplicitous indictment is remedial by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss Indictment.

A Continued Trial Setting is scheduled for <u>September 10, 2012, at 9 a.m.</u>

**SO ORDERED** this _2/_ day of <u>August</u>, 2012.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG, J. Terlaje, A.P. Camacho, F. Randall Cunliffe
Date: 8/21  Time: 10 AM
GM
Deputy Clerk, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

AUG 2 1 2012
20

*Enrique F. Aflague, Jr.*
Deputy Clerk, Superior Court of Guam

People of Guam v. Vanessa Aguero, Rhonda Aguero, and Jesse Aguero (CF0263-12)
Page 6 of 6
Decision and Order – Motion to Dismiss Indictment